RAYMOND LETSON V. STATE.

No. 26,754. January 13, 1953.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) March 3, 1954.

*George S. Berry* and *Thomas L. Clinton,* by *Thomas L. Clinton,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged by complaint and information with the unlawful possession of alcoholic beverages for the purpose of sale in Garza County, Texas, a dry area, and his punishment was assessed at a fine of $200 and confinement in the county jail for 60 days.

In the second count of the information it is alleged that the appellant had previously been convicted of an offense of like character in the county court of Garza County.

Appellant pleaded not guilty to the complaint and information.

The testimony is brief. It consists mainly of that of L. E. Clayborn, Jr., a deputy sheriff, who testified that he had been over in the "flats" in the town of Post, and that just about daylight on the occasion in question he saw the appellant come out of his house, or around the corner of it, with some object under his overcoat; that appellant walked directly across the street and placed in the grass the object which he had under the coat; that he went back to the house and back across the street again with an object under his coat as before. He was picked up by the officer and searched, but the officer found nothing on his person. The point where appellant had deposited these objects was approximately 10 or 12 feet from the fence, or where the fence had been, on the front of the lot toward appellant's house. The officer then went to the place where he saw appellant deposit these objects and found a lug of wine and a case of beer in the same spot where he saw appellant place on the ground the objects that he took from under his coat. The officer found nothing else of importance on this lot except that the grass seemed to have been turned over at the place where these objects had been deposited by the appellant.

The state offered in evidence a lug of wine consisting of four bottles each containing four-fifths of a quart of wine identified by the officer as being that found by him across the street in the grass.

Under the instructions and the charge relative to circumstantial evidence, we think the facts justify the conclusion of

the jury that appellant had this wine under his coat and deposited it where the officer soon picked it up.

Another question raised herein is one relating to the fact that appellant had no attorney to assist him in his defense. After the state had rested in this cause, the court made the following statement:

"Raymond (the appellant), you can take the stand under oath and tell the Jury anything you want to in regard to your case. Do you want to?"

Whereupon the appellant was sworn and testified before the jury. Complaint is made relative thereto that such statement upon the part of the court was in violation of Article 1, Section 10, of the Constitution of Texas, and also the 5th Amendment to the Constitution of the United States. We do not think that such offends against these different constitutional requirements. In this instance, we see no compulsion upon the part of the court to cause the defendant to take the stand. Of course, he had a right to take the stand, and it would have been the duty of the court, and it is usually a part of the court's charge when the defendant fails to take the stand, to admonish the jury that the accused does not have to take the stand and that his failure to do so shall not be used as a circumstance against him. By statute, Art. 710, C.C.P., the court is not forbidden to comment on the defendant's failure to testify, but the statute says, * * * "nor shall the same be alluded to or commented on by counsel in the cause." We do not think that the appellant's rights have been invaded by the fact that the court had through an excess of caution, perhaps, attempted to tell him what his rights were in the case.

It is further shown by the testimony that appellant had been previously convicted in the same court of an offense of like character which doubtless caused a penalty of $200.00 fine and 60 days in jail.

We see no error reflected by the record, and the judgment will therefore be affirmed.